**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY A/S/O BALDWIN REAL ESTATE CORP.** | **CIVIL ACTION** |
| Plaintiff, | **NO. 1:19-cv-01456 (DNH-DJS)** |
| v. | |
| **KATHLEEN BURKE BARKER** | |
| Defendant. | |

## NOTICE OF CROSS-MOTION

**CROSS-MOTION BY:**

**de LUCA LEVINE**
Jeffrey M. Zielinski (Pro Hac Vice)
Thaddeus S. Kirk (Pro Hac Vice)
3 Valley Square, Suite 220
Blue Bell, PA 19422
215-383-0081
JZielinski@delucalevine.com
TKirk@delucalevine.com

**O'CONNOR, O'CONNOR, BRESEE & FIRST, P.C.**
Terence O'Connor, Esquire
Bar Roll No. 501073
20 Corporate Woods Boulevard
Albany, NY 12211
518-465-0400
toconnor@oobf.com

**Attorneys for Plaintiff**

**RETURN DATE:**

Friday, February 12, 2021, at 10:00 AM
Alexander Pirnie Federal Building and
United States Courthouse
10 Broad Street
Utica, NY 13501
Before Hon. David N. Hurd

**SUPPORTING PAPERS:**

Plaintiff's Response to Statement of
Material Facts and Statement of Additional
Material Facts; Declaration of Jeffrey M.

|  | Zielinski, with exhibits; Plaintiff's Memorandum of Law |
|---|---|
| **RELIEF DEMANDED AND GROUNDS:** | An Order Precluding and/or Striking the December 30, 2020 Supplemental Report of Defendant's expert, Jamie McAllister and excluding her testimony as to the opinions expressed therein, pursuant to Federal Rule of Civil Procedure 37, the Uniform Pretrial Scheduling Order (Doc. No. 13 at ¶ 6(A)(iii)), and the May 28, 2020 Text Order (Doc. No. 23) |
| **ANSWERING PAPERS:** | Pursuant to Local Rule 7.1(c), Defendant's Reply/Opposition Brief is due not more than seven days after service of the Cross-Motion. |
| **DATED**: January 27, 2021 | Respectfully Submitted, |

By: s/ *Jeffrey Zielinski*

Jeffrey M. Zielinski (Pro Hac Vice)
Thaddeus S. Kirk (Pro Hac Vice)
de Luca Levine
3 Valley Square, Suite 220
Blue Bell, PA 19422
215-383-0081
JZielinski@delucalevine.com
TKirk@delucalevine.com

Terence O'Connor, Esquire
Bar Roll No. 501073
O'Connor, O'Connor, Bresee & First, P.C.
20 Corporate Woods Boulevard
Albany, NY 12211
518-465-0400
toconnor@oobf.com

**Attorneys for Plaintiff**

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY A/S/O BALDWIN REAL ESTATE CORP.** | |
| | **CIVIL ACTION** |
| **Plaintiff,** | **NO. 1:19-cv-01456 (DNH-DJS)** |
| **v.** | |
| **KATHLEEN BURKE BARKER** | |
| **Defendant.** | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF MATERIAL
FACTS AND PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

Pursuant to Local Rule 56.1(b), plaintiff Philadelphia Indemnity Insurance Company a/s/o Baldwin Real Estate Corp. ("PIIC" or "Plaintiff") respectfully submits this Response to the Statement of Material Facts of defendant Kathleen Burke Barker ("Barker" or "Defendant") and Statement of Additional Material Facts.

**RESPONSE TO STATEMENT OF MATERIAL FACTS**

1.  Admitted.

2.  Admitted.

3.  Denied as stated.  Plaintiff's Complaint is a document that speaks for itself and, therefore, any characterizations thereof are denied.

4.  Denied as stated.  Plaintiff's Complaint is a document that speaks for itself and, therefore, any characterizations thereof are denied.

5.  Denied as stated.  Defendant's Answer is a document that speaks for itself and, therefore, any characterizations thereof are denied.

6.  Denied as stated.  Plaintiff's initial disclosure is a document that speaks for itself and, therefore, any characterizations thereof are denied.

7.      Denied as stated.  Plaintiff's initial disclosure and the documents attached thereto are documents that speak for themselves and, therefore, any characterizations thereof are denied.

8.      Denied as stated.  Plaintiff's initial disclosure and the documents attached thereto are documents that speak for themselves and, therefore, any characterizations thereof are denied.

9.      Denied as stated.  Plaintiff's initial disclosure and the documents attached thereto are documents that speak for themselves and, therefore, any characterizations thereof are denied.

10.     Denied as stated.  Plaintiff's initial disclosure and the documents attached thereto are documents that speak for themselves and, therefore, any characterizations thereof are denied. Plaintiff specifically denies the characterization of the amount paid as "a negotiated, agreed upon settlement of the fire loss claim."  To the contrary, the amount paid is fully supported by the damage documents Plaintiff produced, including but not limited to the reports of its independent adjuster.

11.     Denied as stated.  The Uniform Pretrial Scheduling Order is a document that speaks for itself and, therefore, any characterizations thereof are denied.

12.     Denied as stated.  The May 28, 2020 Text Order is a document that speaks for itself and, therefore, any characterizations thereof are denied.

13.     Denied as stated.   Plaintiff's response to Defendant's Interrogatories is a document that speaks for itself and, therefore, any characterizations thereof are denied.

14.     Denied as stated.  Mr. Vieau's report is a document that speaks for itself and, therefore, any characterizations thereof are denied.

15.     Denied as stated.  Mr. Vieau's report is a document that speaks for itself and, therefore, any characterizations thereof are denied.  By way of further response, Plaintiff expressly denies the characterization of Mr. Vieau's report as "limited" to the cause of the fire.

2

16.    Denied as stated.  Plaintiff's expert disclosure is a document that speaks for itself and, therefore, any characterizations thereof are denied.

17.    Denied as stated.  Defendant's expert disclosure is a document that speaks for itself and, therefore, any characterizations thereof are denied.

18.    Denied as stated.  Dr. McAllister's report is a document that speaks for itself and, therefore, any characterizations thereof are denied.

19.    Denied as stated.  Mr. Estep's report is a document that speaks for itself and, therefore, any characterizations thereof are denied.

20.    Denied as stated.  Mr. Estep's report is a document that speaks for itself and, therefore, any characterizations thereof are denied.

21.    Denied as stated.  Mr. Estep's report is a document that speaks for itself and, therefore, any characterizations thereof are denied.

22.    Denied as stated.  Plaintiff's supplemental expert disclosure and rebuttal expert disclosure are documents that speak for themselves and, therefore, any characterizations thereof are denied.

23.    Denied as stated.  The referenced documents speak for themselves and, therefore, any characterizations thereof are denied.

24.    Denied as stated.  Plaintiff admits only that, prior to the date of this filing, it has not served any formal expert witness disclosure naming any expert other than Mr. Vieau. Plaintiff specifically denies that it was required to disclose an expert on the issue of damages, as set forth more fully in the accompanying Memorandum of Law.

25.    Denied as stated.  Plaintiff admits only that, prior to the date of this filing, it has not sought an extension of time for expert witness disclosure.  Plaintiff specifically denies that it

3

was required to disclose an expert on the issue of damages, as set forth more fully in the accompanying Memorandum of Law.

26.     Denied as stated.  Plaintiff admits only that, prior to the date of this filing, it has not served any formal expert witness disclosure specific to the issue of damages. Plaintiff specifically denies that it was required to disclose an expert on the issue of damages, as set forth more fully in the accompanying Memorandum of Law.

27.     Denied as stated.  Plaintiff admits only that, prior to the date of this filing, it has not served any formal expert witness disclosure specific to the issue of damages. Plaintiff specifically denies that it was required to disclose an expert on the issue of damages, as set forth more fully in the accompanying Memorandum of Law.

28.     Denied as stated.   The May 28, 2020 Text Order is a document that speaks for itself and, therefore, any characterizations thereof are denied.

29.     Denied as stated.  Plaintiff admits only that, prior to the date of this filing, it has not served any formal expert witness disclosure specific to the market value of the property. Plaintiff specifically denies that it was required to disclose an expert on the issue of damages, as set forth more fully in the accompanying Memorandum of Law.

30.     Denied as stated.  Plaintiff admits only that, prior to the date of this filing, it has not served any formal expert witness disclosure specific to the repair or replacement cost of the property.  Plaintiff specifically denies that it was required to disclose an expert on the issue of damages, as set forth more fully in the accompanying Memorandum of Law.  However, Plaintiff has served reports of its independent adjuster, Christopher Vaughn, who is competent to testify as to the issue of the repair or replacement cost of the property.

31.     Denied as stated.   Plaintiff admits only that, prior to the date of Defendant's

4

motion for summary judgment, Defendant did not serve any formal expert disclosure specific to the issue of the alleged diminution in market value or the repair or replacement cost of the property. Plaintiff specifically denies the implication that Defendant was in any way prejudiced in her ability to serve any such disclosure or to retain an expert on such issues. Plaintiff also specifically denies that it was required to disclose an expert on the issue of damages, as set forth more fully in the accompanying Memorandum of Law.

## STATEMENT OF ADDITIONAL MATERIAL FACTS

1.      In discovery, Plaintiff produced ten reports of its independent adjuster, Christopher Vaughn. *See* Declaration of Jeffrey M. Zielinski at ¶ 7 & Ex. A.

2.      Mr. Vaughn's reports set forth Plaintiff's damages in painstaking detail. *See id.* at ¶ 8 & Ex. A.

3.      Plaintiff's damages total $720,375.71. *See id.* at ¶ 9 & Ex. A at PL001179.

4.      Of that figure, the vast majority, $656,037.72, consists of the cost to repair the subject property. *See id.* at ¶ 10 & Ex. A at PL001179.

5.      The building damages include, among other things, demolition and cleaning; removing and replacing affected wood framing, siding, roofing, windows, doors, mechanical, electrical, plumbing, insulation, drywall, flooring, cabinetry, trim work and paint; replacement of the roof system and most of the roof trusses; and replacement of framing in two apartments. *See id.* at ¶ 11 & Ex. A.

6.      Of the remainder, $23,088.35 consists of mandatory code upgrades that would not have been necessary but for the loss, and $41,249.64 consists of lost rent. *See id.* at ¶ 12 & Ex. A at PL001179.

7.      Mr. Vaughn's reports collectively attach hundreds of pages of supporting

documents, including but not limited to photos, adjustment estimates, construction contracts and plans, invoices from and checks to contractors, and documents supporting lost rent. *See id.* at ¶ 13 & Ex. A.

8.     Defendant had the opportunity to take third-party depositions of the contractors who performed the repair work, but she chose not to do so. *See id.* at ¶ 14.

9.     Defendant also had the opportunity to take discovery of Plaintiff's insured's public adjuster, but she chose not to do so. *See id.* at ¶ 15.

10.     Defendant also took an extensive deposition of Mr. Vaughn, totaling approximately four hours over two days. *See id.* at ¶ 16 & Ex. B, C.

11.     During the deposition, among other things, Defendant's counsel examined Mr. Vaughn's reports and the supporting documents in painstaking detail. *See id.* at ¶ 17 & Ex. B, C.

12.     Both the deposition and the reports also reflect that a public adjuster had been involved in the adjustment on behalf of Plaintiff's insured. *See id.* at ¶ 18 & Ex. A, B, C.

13.     Over time, the total amount of claimed damages decreased from the amount initially submitted by the public adjuster. *See id.* at ¶ 19 & Ex. A.

14.     On December 30, 2020, Defendant served a Supplemental Report of Dr. McAllister. *See id.* at ¶ 20 & Ex. D.

15.     Although Dr. McAllister's Supplemental Report was served on December 30, 2020, it bears a "Submission Date" of December 15, 2020. *See id.* at ¶ 21 & Ex. D.

16.     Dr. McAllister's Supplemental Report purports to rebut the findings of Plaintiff's expert, Daniel Vieau, as to the cause and origin of the fire giving rise to this action. *See id.* at ¶ 22 & Ex. D.

17.     Plaintiff served Mr. Vieau's expert report on Defendant's counsel on July 20,

2020.  *See id.* at ¶ 23 & Ex. E.

18.     Pursuant to the Uniform Pretrial Scheduling Order (Doc. No. 13 at ¶ 6(A)(iii)), rebuttal expert reports were due no later than thirty days prior to the discovery deadline.  *See id.* at ¶ 24 & Ex. F.

19.     Pursuant to the Court's May 28, 2020 Text Order (Doc. No. 23), the discovery deadline was November 16, 2020.  *See id.* at ¶ 25 & Ex. G.

20.     Rebuttal expert reports were therefore due no later than October 19, 2020 (the thirtieth day before the discovery deadline falling on a Saturday).  *See id.* at ¶ 26 & Ex. F, G.

21.     Dr. McAllister's Supplemental Report was therefore served out of time.  *See id.* at ¶ 27.

22.     Plaintiff took the deposition of Dr. McAllister on November 11, 2020.  *See id.* at ¶ 28 & Ex. H.

23.     It did not have the benefit of the Supplemental Report at the time.  *See id.* at ¶ 28.

24.     Accordingly, Plaintiff is prejudiced by the late production of the Supplemental Report.  *See id.*

Respectfully Submitted,

By: s/ *Jeffrey Zielinski*
Jeffrey M. Zielinski (Pro Hac Vice)
Thaddeus S. Kirk (Pro Hac Vice)
de Luca Levine
3 Valley Square, Suite 220
Blue Bell, PA 19422
215-383-0081
JZielinski@delucalevine.com
TKirk@delucalevine.com

7

Terence O'Connor, Esquire
Bar Roll No. 501073
O'Connor, O'Connor, Bresee & First, P.C.
20 Corporate Woods Boulevard
Albany, NY 12211
518-465-0400
toconnor@oobf.com
**Attorneys for Plaintiff**

Dated:  January 27, 2021

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY A/S/O BALDWIN REAL ESTATE CORP.** | **CIVIL ACTION** |
| **Plaintiff,** | **NO. 1:19-cv-01456 (DNH-DJS)** |
| **v.** | |
| **KATHLEEN BURKE BARKER** | |
| **Defendant.** | |

### <u>DECLARATION OF JEFFREY M. ZIELINSKI</u>

**JEFFREY M. ZIELINSKI, ESQ.,** pursuant to 28 U.S.C. § 1746, declares as follows:

1.     I am an attorney licensed to practice in the Commonwealth of Pennsylvania and the State of New Jersey. I have been admitted to practice in the United States District Court for the Northern District of New York *pro hac vice*. I am a member of de Luca Levine LLC, counsel for plaintiff Philadelphia Indemnity Insurance Company a/s/o Baldwin Real Estate Corp. ("PIIC" or "Plaintiff").

2.     I make this declaration in support of Plaintiff's opposition to defendant Kathleen Burke Barker ("Barker" or "Defendant")'s Motion to Preclude and for Summary Judgment (Doc. No. 27) and in support of Plaintiff's Cross-Motion to Preclude and/or Strike the December 30, 2020 Supplemental Report of Jamie McAllister.

3.     In my capacity as attorney for Plaintiff, I am fully familiar with all pleadings, discovery, and proceedings in this action.

4.     I have represented Plaintiff from the inception of this action and have personal knowledge of all aspects of discovery conducted, discovery orders, expert discovery, and all matters addressed herein.

1

5.      Also submitted herewith are Plaintiff's Response to Statement of Material Facts and Statement of Additional Material Facts and Plaintiff's Memorandum of Law.

6.      Attached are true and accurate copies of the following pleadings, discovery documents, and other relevant materials, which are also referenced in Plaintiff's Statement of Additional Material Facts:

Exhibit A:     Reports of Plaintiff's independent adjuster, Christopher Vaughn, along with supporting documentation (produced in discovery and Bates-labeled PL000001 through PL000462 and PL001134 through PL001182)

Exhibit B:     June 17, 2020 Deposition Transcript of Christopher Vaughn

Exhibit C:     September 28, 2020 Deposition (Continuation) Transcript of Christopher Vaughn

Exhibit D:     Email dated December 30, 2020 from Defendant's counsel's office attaching December 30, 2020 Supplemental Report of Jamie McAllister (including attached Supplemental Report)

Exhibit E:     July 10, 2020 Expert Report of Daniel Vieau

Exhibit F:     Uniform Pretrial Scheduling Order (Doc. No. 13)

Exhibit G:     May 28, 2020 Text Order (Doc. No. 23)

Exhibit H:     November 11, 2020 Deposition Transcript of Jamie McAllister

7.      In discovery, Plaintiff produced ten reports of its independent adjuster, Christopher Vaughn. *See* Exhibit A.

8.      Mr. Vaughn's reports set forth Plaintiff's damages in painstaking detail. *See id.*

9.      Plaintiff's damages total $720,375.71. *See id.* at PL001179.

10.     Of that figure, the vast majority, $656,037.72, consists of the cost to repair the subject property. *See id.*

11.     The building damages include, among other things, demolition and cleaning; removing and replacing affected wood framing, siding, roofing, windows, doors, mechanical, electrical, plumbing, insulation, drywall, flooring, cabinetry, trim work and paint; replacement of

2

the roof system and most of the roof trusses; and replacement of framing in two apartments. *See* Exhibit A.

12.     Of the remainder, $23,088.35 consists of mandatory code upgrades that would not have been necessary but for the loss, and $41,249.64 consists of lost rent. *See id.* at PL001179.

13.     Mr. Vaughn's reports collectively attach hundreds of pages of supporting documents, including but not limited to photos, adjustment estimates, construction contracts and plans, invoices from and checks to contractors, and documents supporting lost rent. *See* Exhibit A.

14.     Defendant had the opportunity to take third-party depositions of the contractors who performed the repair work, but she chose not to do so.

15.     Defendant also had the opportunity to take discovery of Plaintiff's insured's public adjuster, but she chose not to do so.

16.     Defendant also took an extensive deposition of Mr. Vaughn, totaling approximately four hours over two days. *See* Exhibits B, C.

17.     During the deposition, among other things, Defendant's counsel examined Mr. Vaughn's reports and the supporting documents in painstaking detail. *See* Exhibits B, C.

18.     Both the deposition and the reports also reflect that a public adjuster had been involved in the adjustment on behalf of Plaintiff's insured. *See* Exhibits A, B, C.

19.     Over time, the total amount of claimed damages decreased from the amount initially submitted by the public adjuster. *See* Exhibit A.

20.     On December 30, 2020, Defendant served a Supplemental Report of Jamie McAllister. *See* Exhibit D.

21.     Although McAllister's Supplemental Report was served on December 30, 2020, it

3

bears a "Submission Date" of December 15, 2020. *See id.*

22.    McAllister's Supplemental Report purports to rebut the findings of Plaintiff's expert, Daniel Vieau, as to the cause and origin of the fire giving rise to this action. *See id.*

23.    Plaintiff served Mr. Vieau's expert report on Defendant's counsel on July 20, 2020. *See* Exhibit E.

24.    Pursuant to the Uniform Pretrial Scheduling Order (Doc. No. 13 at ¶ 6(A)(iii)), rebuttal expert reports were due no later than thirty days prior to the discovery deadline. *See* Exhibit F.

25.    Pursuant to the Court's May 28, 2020 Text Order (Doc. No. 23), the discovery deadline was November 16, 2020. *See* Exhibit G.

26.    Rebuttal expert reports were therefore due no later than October 19, 2020 (the thirtieth day before the discovery deadline falling on a Saturday). *See* Exhibits F, G.

27.    McAllister's Supplemental Report was therefore served out of time.

28.    Plaintiff took the deposition of Dr. McAllister on November 11, 2020. *See* Exhibit H. It did not have the benefit of the Supplemental Report at the time. Accordingly, Plaintiff is prejudiced by the late production of the Supplemental Report.

I declare under penalty of perjury that the foregoing is true and correct.


JEFFREY M. ZIELINSKI

Sworn to and subscribed before me
this _27th_ day of January, 2021


Notary Public
My commission expires: 11-20-23

Commonwealth of Pennsylvania - Notary Seal
LINETTE TROWERY - Notary Public
Montgomery County
My Commission Expires Nov 20, 2023
Commission Number 1237730

4

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY A/S/O BALDWIN REAL ESTATE CORP.** | **CIVIL ACTION** |
| **Plaintiff,** | **NO. 1:19-cv-01456 (DNH-DJS)** |
| **v.** | |
| **KATHLEEN BURKE BARKER** | |
| **Defendant.** | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO PRECLUDE AND FOR SUMMARY JUDGMENT AND
IN SUPPORT OF PLAINTIFF'S CROSS-MOTION TO PRECLUDE AND/OR STRIKE**

**de LUCA LEVINE**
Jeffrey M. Zielinski (Pro Hac Vice)
Thaddeus S. Kirk (Pro Hac Vice)
3 Valley Square, Suite 220
Blue Bell, PA 19422
215-383-0081
JZielinski@delucalevine.com
TKirk@delucalevine.com

**O'CONNOR, O'CONNOR, BRESEE & FIRST, P.C.**
Terence O'Connor, Esquire
Bar Roll No. 501073
20 Corporate Woods Boulevard
Albany, NY 12211
518-465-0400
toconnor@oobf.com

**Attorneys for Plaintiff**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................1

STATEMENT OF FACTS .........................................................................................2

ARGUMENT..............................................................................................................3

      A.     Standard of Review .................................................................................3

      B.     Plaintiff Is Not Required to Establish the Market Value of the Property .......4

      C.     Plaintiff Is Not Required to Produce Expert Testimony on Damages ............6

      D.     Even If Expert Testimony on Damages Is Required,
             Plaintiff's Independent Adjuster Can Serve As Its Expert .............................8

      E.     In Any Event, Defendant Challenges Only a Portion of
             Plaintiff's Damages ...............................................................................10

CROSS-MOTION TO PRECLUDE AND/OR STRIKE......................................................11

CONCLUSION ...........................................................................................................12

## PRELIMINARY STATEMENT

Pursuant to Local Rule 7.1(a) and (c), Plaintiff Philadelphia Indemnity Insurance Company a/s/o Baldwin Real Estate Corp. ("PIIC" or "Plaintiff") respectfully submits this Memorandum of Law in opposition to defendant Kathleen Burke Barker ("Barker" or "Defendant")'s Motion to Preclude and for Summary Judgment (Doc. No. 27) and in support of Plaintiff's Cross-Motion to Preclude and/or Strike the December 30, 2020 Supplemental Report of Jamie McAllister.

Plaintiff respectfully requests that the Court deny Defendant's Motion to Preclude and for Summary Judgment (the "Motion"). The Motion—which does not attack Plaintiff's liability case but rather focuses only on Plaintiff's damages—depends almost entirely on two presumptions: (1) that Plaintiff must establish the fair market value of the subject property and (2) that Plaintiff is required to produce expert testimony to establish its damages. Unfortunately for Defendant, both presumptions are fundamentally and fatally flawed, as set forth more fully below. To the contrary, applicable law is clear that Plaintiff need not establish the property's fair market value when the repair or replacement cost of the property is a proper measure of damages. In addition, Plaintiff is not required to prove its damages through expert testimony. Even so, Defendant challenges only a portion of Plaintiff's damages. Therefore, Defendant is not entitled to summary judgment, and the Motion should be denied.

In addition, Plaintiff respectfully cross-moves to preclude and/or strike the December 30, 2020 Supplemental Report of Defendant's expert, Jamie McAllister. Despite Defendant's heavy reliance on Court-ordered deadlines in her Motion as a reason to preclude expert testimony on behalf of Plaintiff, Defendant herself failed to comply with Court-ordered deadlines in submitting a rebuttal expert report over two months late. Therefore, as set forth more fully

below, the Court should preclude and/or strike McAllister's supplemental report and exclude her testimony as to the opinions expressed therein.

## STATEMENT OF FACTS

Plaintiff respectfully refers to the Court to its Response to Defendant's Statement of Material Facts and its Statement of Additional Material Facts, submitted herewith.

Briefly, this action arises from a fire that occurred at Plaintiff's insured's property, an apartment building, on or about April 6, 2019.  *See* Defendant's Statement of Material Facts (Doc. No. 27-13) ("SMF") ¶¶ 1-4.  Plaintiff alleges that Defendant's negligent disposal of a cigarette was the cause of the fire, which resulted in extensive damages.  *Id.* ¶ 4.

In discovery, Plaintiff produced ten reports of its independent adjuster, Christopher Vaughn.  *See* Plaintiff's Statement of Additional Material Facts ("SAMF") (submitted herewith) ¶ 1.  Mr. Vaughn's reports set forth Plaintiff's damages in painstaking detail.  *See id.* ¶ 2. Plaintiff's damages total $720,375.71.  *See id.* ¶ 3.  Of that figure, the vast majority, $656,037.72, consists of the cost to repair the subject property.  *See id.* ¶ 4.  The building damages include, among other things, demolition and cleaning; removing and replacing affected wood framing, siding, roofing, windows, doors, mechanical, electrical, plumbing, insulation, drywall, flooring, cabinetry, trim work and paint; replacement of the roof system and most of the roof trusses; and replacement of framing in two apartments.  *See id.* ¶ 5.

Of the remainder, $23,088.35 consists of mandatory code upgrades that would not have been necessary but for the loss, and $41,249.64 consists of lost rent.  *See id.* ¶ 6.  Mr. Vaughn's reports collectively attach hundreds of pages of supporting documents, including but not limited to photos, adjustment estimates, construction contracts and plans, invoices from and checks to contractors, and documents supporting lost rent.  *See id.* ¶ 7.  Defendant had the opportunity to

take third-party depositions of the contractors who performed the repair work, as well as Plaintiff's insured's public adjuster, but she chose not to do so. *See id.* ¶¶ 8-9.

Defendant also took an extensive deposition of Mr. Vaughn, totaling approximately four hours over two days. *See id.* ¶ 10. During the deposition, among other things, Defendant's counsel examined Mr. Vaughn's reports and the supporting documents in painstaking detail. *See id.* ¶ 11. Both the deposition and the reports also reflect that a public adjuster had been involved in the adjustment on behalf of Plaintiff's insured. *See id.* ¶ 12. Over time, the total amount of claimed damages decreased from the amount initially submitted by the public adjuster. *See id.* ¶ 13.

For the reasons set forth herein, Defendant's Motion, which focuses only on damages (and does not address liability), should be denied.

## ARGUMENT

### A.      Standard of Review

"The entry of summary judgment is warranted when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Ward v. Stewart*, 286 F. Supp. 3d 321, 327 (N.D.N.Y. 2017) (Hurd, J.) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)). "A fact is 'material' for purposes of this inquiry if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "A material fact is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248) (citing *Jeffreys v. City of N.Y.*, 426 F.3d 549, 553 (2d Cir. 2005)).

"When summary judgment is sought, the moving party bears the initial burden of demonstrating that there is no genuine issue of material fact to be decided with respect to any essential element of the claim." *Id.* (citing *Anderson*, 477 U.S. at 250 n.4). "The failure to meet this burden warrants denial of the motion." *Id.* (citing *Anderson*, 477 U.S. at 250 n.4). "In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial." *Id.* (citing *Anderson*, 477 U.S. at 250).

"When deciding a summary judgment motion, a court must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the nonmoving party." *Id.* (citing *Jeffreys*, 426 F.3d at 553). "Accordingly, summary judgment is inappropriate where 'review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor.'" *Id.* (quoting *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002)) (citing *Anderson*, 477 U.S. at 250) (alterations in original).

### B.    Plaintiff Is Not Required to Establish the Market Value of the Property

Defendant's Motion centers on the fatally flawed presumption that Plaintiff must establish the fair market value of the subject property in order to recover. This presumption is incorrect. New York law[1] is clear that there are two equally acceptable measures of damage to real property: (1) repair or replacement cost or (2) diminution in fair market value. *See, e.g.*, *Fisher v. Qualico Contracting Corp.*, 98 N.Y.2d 534, 539 (2002) (citations omitted); *McDermott v. City of Albany*, 309 A.D.2d 1004, 1006 (3d Dep't 2003); *Jaklitsch v. Finnerty*, 96 A.D.2d 690, 691 (3d Dep't 1983) (citing *Jenkins v. Etlinger*, 55 N.Y.2d 35 (1982)).

Under New York law, real property losses as a result of a defendant's negligence may be measured in different ways. *Fisher*, 98 N.Y.2d at 539. Generally, "when the reasonable cost of

---

[1] There is no dispute that the substantive law of New York governs this diversity action.

repairing the injury, or [the cost of restoration], is less than what is shown to be the diminution in the market value of the whole property by reason of the injury, such cost of restoration is the proper measure of damages." *Id.* "On the other hand, when the cost of restoring is more than such diminution, the latter is generally the true measure of damages." *Id.* "While a plaintiff need only introduce evidence of one measure of property damages, the availability of an alternative measure allows a defendant to prove that 'a lesser amount than that claimed by [a] plaintiff will sufficiently compensate for the loss.'" *Id.* (quoting *Jenkins*, 55 N.Y.2d at 39). In other words, the plaintiff need establish only *one* measure of damages, while the burden is on the *defendant* to prove that some other measure is more appropriate. *Jenkins*, 55 N.Y.2d at 39; *Jaklitsch*, 96 A.D.2d at 691. "Simply stated, the plaintiff need only present evidence as to one measure of damages, and that measure will be used when neither party presents evidence going to the other measure." *Jenkins*, 55 N.Y.2d at 39.

Here, Plaintiff has produced ample evidence to support one valid measure of damages, i.e., the repair or replacement cost of the property. Indeed, Defendant acknowledges this. Defendant submitted with her Motion hundreds of pages of documents consisting of Mr. Vaughn's reports and the supporting documents. *See* SMF ¶¶ 8-10; SAMF ¶¶ 1-7. These include, among other things, voluminous documents from the contractors that performed the repair work. *See* SAMF ¶¶ 1-7. These contractors can be subpoenaed to testify at trial and be subject to cross-examination. Defendant had the opportunity to take third-party depositions of these contractors, as well as Plaintiff's insured's public adjuster, but chose not to do so. *See id.* ¶¶ 8-9.[2]

---

[2] Although Defendant characterizes Plaintiff's damages figure as "a negotiated, agreed upon settlement of the fire loss claim" (*see* SMF ¶ 10)—with the implication that the figure is somehow unsupported and therefore should be disregarded—there is no support for this characterization in the record. Rather, as set forth herein,

While Plaintiff has presented evidence of one measure of damages, Defendant has failed to carry *her* burden of establishing an alternative measure of damages.  Defendant may argue that she was somehow prejudiced in doing so because Plaintiff did not introduce expert testimony concerning the fair market value of the property.  As set forth more fully below, however, Plaintiff was not required to introduce expert testimony.  In any event, the fact that Plaintiff did not retain an expert to testify as to the property's value in no way precluded Defendant from doing so.  Indeed, as set forth above, this burden was on Defendant, not Plaintiff.  *See Jenkins*, 55 N.Y.2d at 39; *Jaklitsch*, 96 A.D.2d at 691.

In the absence of an alternative measure of damages, the repair or replacement cost of the property must govern.  *See Jenkins*, 55 N.Y.2d at 39.  Plaintiff has produced ample evidence of such damages.  Accordingly, Defendant is not entitled to summary judgment on the issue of damages.

### C.    Plaintiff Is Not Required to Produce Expert Testimony on Damages

Defendant's Motion also centers on a similarly erroneous presumption that, to establish its damages, an essential element of its case, Plaintiff is required to produce expert testimony.  New York law, however, is clear that no such requirement exists.  To the contrary, damages to real property may be established by lay testimony.  *See, e.g.*, *Tulin v. Bostic*, 152 A.D.2d 887, 887-88 (3d Dep't 1989); *W.R. Haughton Training Stables, Inc. v. Miriam Farms, Inc.*, 118 A.D.2d 639, 640 (2d Dep't 1986).  In particular, expert testimony is not required to establish property damages where the alleged negligence resulted in "clear-cut" injury.  *W.R. Haughton*, 118 A.D.2d at 240.  Moreover, property owners and other lay witnesses may testify as to the value of real property.  *Tulin*, 152 A.D.2d at 887-88; *see also Park West Mgmt. Corp. v.*

---

Plaintiff has produced more than enough evidence in support of its damages figure to overcome summary judgment on damages.

*Mitchell*, 47 N.Y.2d 316, 329-30 (1979) (citing N.Y. Real Prop. Law § 235-b(3)) (both landlords and tenants are competent to give opinion testimony concerning diminution in fair market value of dwellings); *accord United States v. 25.202 Acres of Land*, 860 F. Supp. 2d 165, 182-83 (N.D.N.Y. 2010) (citations omitted) ("[A]n owner of property may testify as to its value because the owner is presumed to have 'special knowledge' of the property"; concept also extends to officers of corporate owner).

Defendant blithely asserts that real property damages are "beyond the ken" of lay persons and cites a variety of cases purportedly supporting the proposition that expert testimony is therefore required to support Plaintiff's damages. However, none of those cases is applicable here. For example, in *Design Strategy, Inc. v. Davis*, the Second Circuit dealt not with real property damages but rather with lost profits in connection with an "alleged diversion of a corporate opportunity" by a former employee. 469 F.3d 284, 287 (2d Cir. 2006). In any event, the *Design Strategy* court did not hold that expert testimony was required to support a claim of damages. Rather, it held that an order precluding expert testimony was not prejudicial and did not affect the outcome of the case when (unlike here) the claimant repeatedly failed to produce a calculation of its damages and supporting documents. *Id.* at 298-99.

Similarly, in *In re Virtus Investment Partners, Inc.*, on which Defendant relies, the United States District Court for the Southern District of New York recognized that securities class actions like the one before it are "notably difficult and notoriously uncertain to litigate" and found expert testimony necessary on issues of "materiality, scienter, loss causation, and damages." No. 15-CV-1249, 2018 WL 6333657, at *2 (S.D.N.Y. Dec. 4, 2018). However, the

court there was faced with a motion for attorney fees and expenses, not a summary judgment or preclusion motion, and the case did not involve real property damages.  *Id.* at \*1.[3]

Simply put, Defendant has come forth with no authority supporting her assertion that real property damages are too complicated for lay persons to understand, therefore requiring expert testimony.   Indeed, New York courts have held exactly the opposite.  *See, e.g.*, *Tulin*, 152 A.D.2d at 887-88; *W.R. Haughton*, 118 A.D.2d at 240.  This case involves clear-cut damage and repairs to real property stemming from a fire—not a difficult concept for a lay person to understand (as opposed to, for example, securities fraud or corporate governance). Consequently, Defendant is not entitled to summary judgment on the basis that Plaintiff has not disclosed an expert to testify on the subject of damages.

### D.   Even If Expert Testimony on Damages Is Required, Plaintiff's Independent Adjuster Can Serve As Its Expert

Even if the Court were to determine that Plaintiff is required to produce expert testimony on damages (which it should not), such a determination would not be fatal to Plaintiff's case. Rather, in that event, Plaintiff should be permitted to designate its independent adjuster, Christopher Vaughn, as an expert on the issue of damages given his many years as large loss property adjuster.  Such a designation would not be prejudicial to Defendant because Defendant is already in possession of Mr. Vaughn's reports and took his deposition.

---

[3] Nor are any of the other cases Defendant cites availing.  *See, e.g.*, *Kingsway Fin. Servs., Inc. v. Price Waterhouse-Coopers LLP*, No. 03 Civ. 5560 RMB HBP, 2006 WL 1520227, at \*1 (S.D.N.Y. June 1, 2006) (requiring production of damage-related documents when plaintiff *chose* to rely on expert to prove damages in securities-fraud action); *N.Y. Cent. Mut. Ins. Co. v. TopBuild Home Servs., Inc.*, No. 2:17-cv-2051 (DRH)(AKT), 2019 WL 1791844, at \*3 (E.D.N.Y. Apr. 24, 2019) (not holding expert testimony required to prove damages); *De Long v. Cnty. of Erie*, 60 N.Y.2d 296, 307-08 (1983) (expert testimony *allowed* (not required) on value of services of homemaker in wrongful death action); *Wathne Imports, Ltd. v. PRL USA, Inc.*, 101 A.D.3d 83, 87 (1st Dep't 2012) (reversing preclusion of expert testimony on future business profits related to alleged breach of product licensing agreement); *Cent. Greyhound Lines, Inc., of N.Y. v. Bonded Freightways, Inc.*, 193 Misc. 320, 323 (Sup. Ct., Onondaga Cnty., 1948) (denying motion for new trial in motor vehicle accident case; no discussion of whether experts are required to prove damages).

Federal Rule of Civil Procedure 37(c)(1) allows a court to preclude testimony or witnesses as a sanction for failure to make disclosures "unless the failure was substantially justified or is harmless." Courts within the Second Circuit consider four factors in determining whether to preclude expert testimony: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (citing *Outley v. City of N.Y.,* 837 F.2d 587, 590-91 (2d Cir. 1988)).

The first and third *Softel* factors dictate that preclusion is inappropriate in this case. Most importantly, under the third factor, Defendant suffers no prejudice if Mr. Vaughn is allowed to serve as an expert witness. Critically, Defendant is already in possession of ten reports authored by Mr. Vaughn on the subject of damages. In addition, Defendant took an extensive deposition of Mr. Vaughn, totaling approximately four hours over two days. Simply put, Defendant already is or should be aware of how Mr. Vaughn will testify at trial. As to the first factor, the only reason Mr. Vaughn would even be designated as an expert witness would be in the event the Court rules expert testimony is required—which it should not, as set forth above. The second and fourth *Softel* factors follow this analysis. Mr. Vaughn only becomes important as an expert witness in the event of such a ruling, and, in such event, a continuance could easily be granted—if it is even necessary in light of the fact that Mr. Vaughn has already produced reports and given a lengthy deposition. Therefore, even if the Court rules that expert testimony is required on damages, preclusion is not appropriate under the circumstances.

**E.     In Any Event, Defendant Challenges Only a Portion of Plaintiff's Damages**

Finally, despite the pages Defendant dedicates to attempting to attack Plaintiff's case on the issue of damages, Defendant ultimately appears to challenge only a portion of Plaintiff's damages.  As set forth in Defendant's Statement of Material Facts, her damages expert, D.J. Estep, purportedly found only $101,756.67 in alleged "estimating inaccuracies" in connection with the damage documents Plaintiff submitted.  *See* SMF ¶¶ 17, 19-20.

Notably, Estep admitted that the estimates submitted by Plaintiff's independent adjuster "reflect[ed] common and typical construction and fire restoration practices and procedures."  *See* Estep Report, Doc. No. 27-10 at page 71 of 154; *see also id.* at page 64 of 154 ("The scope of repairs to restore this structure appear typical with common construction and fire restoration procedures, in accordance with the information and photographs that were reviewed.").  In addition, although Defendant's Motion attacks Plaintiff's claim for mandatory code upgrades, Estep agrees that such items must be considered.  *See id.* at page 65 of 154 ("When configuring the scope of repairs, any code upgrades that may be needed to conform to ordinance and law requirements, should be considered.  In this building, that was constructed in 1983, new energy requirements within New York State building codes would require upgraded insulation and energy efficient glass for windows.").

Moreover, although Estep faults Plaintiff's independent adjuster's use of Xactimate (insurance industry-standard estimating software) databases, he credits Plaintiff's insured's public adjuster on this same point—even though the public adjuster's estimate was *higher* than that of Plaintiff's independent adjuster.  *See id.* at page 66 of 154 (public adjuster's use of local Xactimate database "is appropriate for estimating purposes because it states the geographic region where the loss occurred and the actual date and year of the fire loss").  Estep does not

discredit each and every line item submitted by Plaintiff's independent adjuster but rather submits only a chart summarizing thirty purported "deviations." *See id.* at pages 69-70 of 154.

In other words, of the $720,375.71 in damages Plaintiff seeks to recover, $618,619.04 is *not in dispute*. At most, $101,756.67 is disputed. As set forth above, Plaintiff has submitted ample evidence to support the full measure of damages it seeks. Therefore, Defendant is not entitled to summary judgment on the issue of Plaintiff's damages.

## CROSS-MOTION TO PRECLUDE AND/OR STRIKE

In the face of her own reliance on Court-ordered deadlines as a reason to preclude expert testimony on behalf of Plaintiff, Defendant herself failed to comply with scheduling order deadlines when she submitted a December 30, 2020 Supplemental Report of Jamie McAllister. The Court should therefore preclude and/or strike the Supplemental Report and exclude Dr. McAllister's testimony as to the opinions expressed therein.

On December 30, 2020, Defendant served a Supplemental Report of Dr. McAllister. *See* SAMF ¶ 14. Although Dr. McAllister's Supplemental Report was served on December 30, 2020, it bears a "Submission Date" of December 15, 2020. *See id.* ¶ 15. Dr. McAllister's Supplemental Report purports to rebut the findings of Plaintiff's expert, Daniel Vieau, as to the cause and origin of the fire giving rise to this action. *See id.* ¶ 16. Plaintiff served Mr. Vieau's expert report on Defendant's counsel on July 20, 2020. *See id.* ¶ 17.

Pursuant to the Uniform Pretrial Scheduling Order (Doc. No. 13 at ¶ 6(A)(iii)), rebuttal expert reports were due no later than thirty days prior to the discovery deadline. *See id.* ¶ 18. Pursuant to the Court's May 28, 2020 Text Order (Doc. No. 23), the discovery deadline was November 16, 2020. *See id.* ¶ 19. Rebuttal expert reports were therefore due no later than

October 19, 2020 (the thirtieth day before the discovery deadline falling on a Saturday).  *See id.* ¶ 20.  Dr. McAllister's Supplemental Report was therefore served out of time.  *See id.* ¶ 21.

Plaintiff took the deposition of Dr. McAllister on November 11, 2020.  *See id.* ¶ 22.  It did not have the benefit of the Supplemental Report at the time.  *See id.* ¶ 23.  Accordingly, Plaintiff is prejudiced by the late production of the Supplemental Report.  *See id.* ¶ 24. Therefore, this Court should preclude and/or strike the Supplemental Report and exclude Dr. McAllister's testimony as to the opinions expressed therein.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Preclude and for Summary Judgment.  Plaintiff further respectfully requests that this Court grant its Cross-Motion to Preclude and/or Strike.

Respectfully Submitted,


By: <u>*s/ Jeffrey Zielinski*</u>
Jeffrey M. Zielinski (Pro Hac Vice)
Thaddeus S. Kirk (Pro Hac Vice)
de Luca Levine
3 Valley Square, Suite 220
Blue Bell, PA 19422
215-383-0081
JZielinski@delucalevine.com
TKirk@delucalevine.com

Terence O'Connor, Esquire
Bar Roll No. 501073
O'Connor, O'Connor, Bresee & First, P.C.
20 Corporate Woods Boulevard
Albany, NY 12211
518-465-0400
toconnor@oobf.com
**Attorneys for Plaintiff**


Dated:  January 27, 2021

12

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY A/S/O BALDWIN REAL ESTATE CORP.** | **CIVIL ACTION** |
| **Plaintiff,** | **NO. 1:19-cv-01456 (DNH-DJS)** |
| **v.** | |
| **KATHLEEN BURKE BARKER** | |
| **Defendant.** | |

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing was served on all counsel of record via filing on the Court's ECF system.

Respectfully Submitted,

By: s/ *Jeffrey Zielinski*
Jeffrey M. Zielinski (Pro Hac Vice)
de Luca Levine
3 Valley Square, Suite 220
Blue Bell, PA 19422
215-383-0081
JZielinski@delucalevine.com

Dated:  January 27, 2021