UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PHILADELPHIA INDEMNITY
INSURANCE COMPANY, as subrogee of
BALDWIN REAL ESTATE
CORPORATION and DC LOWVILLE
ASSOCIATES LLC,

       Plaintiff,

  -v-                                     1:19-CV-1456

KATHLEEN BURKE BARKER,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| O'CONNOR, O'CONNOR LAW FIRM<br>   ALBANY OFFICE<br>Attorneys for Plaintiff<br>20 Corporate Woods Boulevard<br>Albany, New York 12211 | ELIZBETH J. GROGAN, ESQ.<br>TERENCE P. O'CONNOR, ESQ. |
| de LUCA LEVINE<br>Attorneys for Plaintiff<br>Three Valley Square<br>Blue Bell, Pennsylvania 19422 | JEFFREY M. ZIELINSKI, ESQ.<br>THADDEUS S. KIRK, ESQ.<br>KENNETH T. LEVINE, ESQ. |
| CABANISS CASEY LLP<br>Attorneys for Defendant<br>4 Tower Place, Suite 100<br>Albany, New York 12203 | BRIAN D. CASEY, ESQ.<br>JOHN R. CASEY, ESQ. |

DAVID N. HURD
United States District Judge

# ORDER ON MOTIONS IN LIMINE

## I. INTRODUCTION AND LEGAL STANDARD

A jury trial is scheduled to begin on Tuesday, July 13, 2021 at 9:30 a.m. in Utica, New York. Plaintiff Philadelphia Indemnity Insurance Company ("PIIC" or "plaintiff") has moved *in limine* for four pretrial rulings on the admissibility of certain evidence. Defendant Kathleen Burke Barker ("Barker" or "defendant") has opposed and has additionally moved *in limine* to strike several witnesses from plaintiff's exhibit list.

The standard governing a motion *in limine* was explored in detail in this Court's recent opinion in *Walker v. Schult*, 365 F. Supp. 3d 266, 274-75 (N.D.N.Y. 2019). The Court need not repeat that standard now. But in brief, "[e]vidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Id.* Accordingly, "[t]he trial judge may reserve judgment on a motion *in limine* until trial to ensure the motion is considered in the proper factual context." *Id.*

## II. DISCUSSION

First, PIIC moved to preclude Barker's causation witness, Dr. Jamie McAllister ("Dr. McAllister"), from testifying about dozens of points she raised in a since-struck supplemental expert report. Of course, plaintiff is correct that Dr. McAllister's testimony must be limited to not include material this Court has already excluded. But defendant's suggestion to

bring that goal about is the better one.  Rather than take plaintiff's proposed item-by-item approach, the Court will simply cabin Dr. McAllister's testimony to her first expert report.  Any material extraneous to that first report must be excluded.

Second, PIIC asks that the Court preclude Barker from introducing testimony concerning the market value of the property at issue in this case.  For her part, defendant has indicated that she does not intend to make an issue of the property's fair market value.  Instead, defendant claims she intends only to argue that plaintiff exceeded the proper scope of its repairs by restoring the property to a better condition than it was in before the fire.

Because Barker does not oppose, the Court grants PIIC's motion *in limine* in broad strokes.  Defendant will not be permitted to argue or present evidence of the property's fair market value for the purpose of establishing fair market value as an alternative measure of damages.  However, defendant may still introduce market value evidence for the limited purpose of proving that plaintiff's repairs left the property in better condition than it was in prior to the fire.

Third, PIIC objects to Barker's use of the term "settlement" to describe plaintiff's damages showing.  Plaintiff's motion affords the Court an opportunity to clarify some issues in advance of trial.  As defendant has herself pointed out, the insurance adjustment process is largely irrelevant to

this case because plaintiff can only recover what its insured would have been able to claim. *Phil. Indem. Ins. Co. v. Barker*, 2021 WL 1840592, at *5 (N.D.N.Y. May 7, 2021) (noting that insurance company acting as subrogee could only recover what insured could have recovered).

Barker has nevertheless attempted to make an issue of the adjustment process by arguing that for damages PIIC only provides evidence of the adjustment process and the amount that plaintiff paid to its insured. But the Court stresses that the proper measure of damages in this case is the cost to rebuild the property. Of course, defendant may argue at trial that plaintiff has failed to actually prove that figure. However, both parties are prohibited from delving into the adjustment process for any purpose other than to prove or disprove what plaintiff in fact paid to rebuild the property. To keep that limited purpose clear and to prevent even further confusion of the jury by introducing conflicting terms, defendant may not refer to the adjustment process as a settlement.

Fourth, PIIC moved to preclude the testimony of D.J. Estep ("Estep") concerning flaws in plaintiff's insurance adjustment process. For the reasons just discussed, Estep's testimony concerning what PIIC paid to its insured is by Barker's own line of argument irrelevant and unnecessarily confusing to the jury. If the jury agrees with defendant that plaintiff's damages showing was merely the amount it paid its insured, then plaintiff has failed to prove

4

damages at all.  Any errors in reaching the claim payment would thus still be irrelevant as to damages.  Estep's testimony on any adjustment errors must be precluded.  *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 544 (S.D.N.Y. 2004) (excluding expert testimony as irrelevant to trial issues).

Fifth, Barker argues that PIIC's witness list in advance of trial includes several proposed witnesses not included in plaintiff's disclosures under Federal Rule of Civil Procedure 26.  In response, plaintiff has removed all but one of those witnesses.  The only remaining witness on plaintiff's final list to which defendant still objects is Kenneth Buck ("Buck").  Buck is Vice President of Finance and Information Management for the construction company responsible for rebuilding the property.  Plaintiff asks to include him to authenticate and discuss the voluminous construction record for the jury.  To streamline the trial, Buck will be permitted to testify on that score.

## III. <u>CONCLUSION</u>

Only three issues remain for trial.  First, was Barker negligent in disposing of her cigarette on April 6, 2019?  Second, if yes, was defendant's negligence the cause of the fire on that day?  And third, if yes, what was the proper amount of damages PIIC incurred rebuilding the property?  The parties would do well to keep their trial testimony and tactics limited to addressing those questions and those questions alone.

Therefore, it is

ORDERED that

1. Plaintiff Philadelphia Indemnity Insurance Company's Motion in Limine is GRANTED in part and DENIED in part;

2. Defendant Kathleen Burke Barker's causation expert Dr. Jamie McAllister may testify only as to the contents of her first expert report;

3. Defendant Kathleen Burke Barker may introduce evidence of the market value of the property at issue for the sole purpose of establishing that plaintiff Philadelphia Indemnity Insurance Company paid more than was required to restore the property;

4. Defendant Kathleen Burke Barker is prohibited from referring to plaintiff Philadelphia Indemnity Insurance Company's adjustment payment as a "settlement";

5. The parties may not delve into the insurance adjustment process except to whatever extent necessary to prove or disprove plaintiff Philadelphia Indemnity Insurance Company's damages;

6. Defendant Kathleen Burke Barker's damages expert DJ Estep may not testify concerning any insurance adjustment mistakes made by plaintiff Philadelphia Indemnity Insurance Company;

7. Defendant Kathleen Burke Barker's Motion in Limine is DENIED;

8. Plaintiff Philadelphia Indemnity Insurance Company may call Kenneth Buck as a witness for the limited purpose of authenticating and explaining DiMarco Construction Company documents; and

9. Because plaintiff Philadelphia Indemnity Insurance Company has withdrawn the remainder of its challenged witnesses, the rest of defendant Kathleen Burke Barker's Motion in Limine is denied as moot.

IT IS SO ORDERED.

Dated: July 7, 2021
       Utica, New York.

David N. Hurd
U.S. District Judge